904 F.2d 26
 UNITED STATES of America, Plaintiff-Appellant,
v.
DALLAS COUNTY COMMISSION, DALLAS COUNTY ALA., Defendant-Appellant,
John W. Jones, Jr., Chairman; L. Seawell Jones; R. Furniss
Ellis; O. Frederick Baldwin; Andrew P. Calhoun, Members;
Dallas County Board of Education; Martin Chance; Fred
England, Sr.; John J. Grimes, Jr.; William R. Martin; Joe
K. Rives, Members; Earl Goodwin, Chairman, Dallas County
Democratic Executive Committee, and Robert Douglas,
Chairman, Dallas County Republican Executive Committee,
Defendants-Appellees.
 No. 90-7299.
 United States Court of Appeals, Eleventh Circuit.
 May 24, 1990.
 
 John R. Dunne, Asst. Atty. Gen., Dept. of Justice, Jessica Dunsay Silver, Irving Gornstein, Washington, D.C., for U.S.
 Bruce Boynton, Selma, Ala.
 J. Garrison Thompson, Pitts, Pitts & Thompson, Selma, Ala., for defendants-appellees.
 John E. Pilcer, Pilcher & Pilcher, P.C., Selma, Ala., for Dallas Co. Board.
 Appeal from the United States District Court for the Southern District of Alabama.
 Before HATCHETT and CLARK, Circuit Judges, and MORGAN, Senior Circuit Judge.
 PER CURIAM:
 
 
 1
 In this voting rights case, we are asked to determine whether the district court erred when, in interpreting our previous order in this case, it concluded that elections for the Dallas County Commission should be held in 1990. Holding that the term for Dallas County Commissioners elected in 1988 is four years, rather than two, we reverse the district court.
 
 FACTS AND PROCEDURAL HISTORY
 
 2
 In 1978, the United States filed suit against the Dallas County Commission pursuant to section 2 of the Voting Rights Act of 1965. 42 U.S.C. Sec. 1973. Following more than ten years of litigation, this court held that Dallas County's at-large election system impermissibly diluted black voting strength in violation of section 2. On July 13, 1988, we remanded this case to the district court for the sole purpose of directing the Dallas County Commission to conduct elections in 1988 for the five county commission seats. United States v. Dallas County Commission, Dallas County, Ala., 850 F.2d 1430 (11th Cir.1988). On December 27, 1988, Dallas County held a special election in compliance with our opinion.
 
 
 3
 In early March 1990, several individuals, contending that elections for the office of county commission should be held in November of 1990, sought to qualify as candidates in the primary election. On March 19, 1990, the United States and the Dallas County Commission filed a joint motion in the district court for an "order confirming terms of office" of the commissioners elected in 1988. Shortly thereafter, the appellees (the chairman of the Dallas County Democratic Executive Committee, the chairman of the Dallas County Republican Executive Committee, and others) filed a motion requesting the district court to clarify whether the commissioners elected in 1988 are subject to re-election in 1990. Upon consideration of our order dated July 13, 1988, the district court held that "the term of office in which the incumbent commissioners were elected in the special election of December 27, 1988 was for a term of two years; therefore, elections in 1990 for four-year terms of office are in order." The primary election is scheduled for June 5, 1990.
 
 CONTENTIONS
 
 4
 The United States contends that the district court erred when it mandated that elections be held in 1990. According to the United States the term for Dallas County Commissioners elected in 1988 is four years. In response, the appellees contend that the district court properly concluded that this court intended (1) that the commissioners be elected to a two-year term and (2) that the next election be held in 1990.
 
 ISSUE
 
 5
 The sole issue before us is whether the district court erred when it interpreted our order as requiring that elections for the Dallas County Commission be held in 1990.
 
 DISCUSSION
 
 6
 The portion of our order at issue states that "[t]he case is remanded to the district court for the sole purpose of directing the members of the Dallas County Commission to conduct elections ... pursuant to the Lichtman plan ... and in accordance with applicable state and local law during a primary election to be hereafter scheduled and the general election to be held." Dallas County, 850 F.2d at 1432 (emphasis added).
 
 
 7
 Act No. 328, Section 6, Local Acts of Alabama, 1901 (Act No. 328) established the Dallas County Commission and requires, in part, "[t]hat all ... members shall be elected at the general election held in August, 1902, and every four years thereafter...." In interpreting our order and applicable Alabama law, the district court concluded that elections for the Dallas County Commission should be held in 1990.
 
 
 8
 By ordering an election in 1988, we modified Alabama law in that, under the election cycle established by Act No. 328, an election would not have been scheduled in 1988. We clearly had authority to order such a remedy to redress violations of the Voting Rights Act. See Reynolds v. Sims, 377 U.S. 533, 585, 84 S.Ct. 1362, 1393, 12 L.Ed.2d 506 (1964); Edge v. Sumter County School Dist., 775 F.2d 1509, 1512 (11th Cir.1985). In Dallas County, we were careful to note, however, that federal courts should modify state legislative policy "only to the extent necessary to cure statutory or constitutional defects." 850 F.2d at 1432. Act No. 328 unequivocally provides for four-year terms for Dallas County Commissioners. Nothing in our previous opinion suggests that we intended to further modify Alabama law by shortening the terms of duly elected county commissioners from four to two years. Had we intended to make that change, we would have so held. Our instructions concerning the applicability of state and local law simply addressed the method of conducting the elections which we ordered to be held in 1988. Consequently, the Dallas County Commissioners elected in 1988 are entitled to four-year terms.
 
 
 9
 Accordingly, the district court's judgment is vacated and the election scheduled for June 5, 1990, to the extent that it relates to the election of Dallas County Commissioners, is enjoined. In this expedited case, the mandate shall issue on May 29, 1990 at 4:00 p.m.
 
 
 10
 VACATED.